UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALAN MANUEL MORENO

                Movant,                              Case No. 1:11-CV-931

v.                                         (Criminal Case No. 1:09-CR-272)

UNITED STATES OF AMERICA,           HON. GORDON J. QUIST

                Respondent.

_____/

## OPINION

This Court has before it Alan Manuel Moreno's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that the petitioner is not entitled to relief in the district court.  Rule 4(b), Rules Governing § 2255 Cases. If so, the court must dismiss the motion.  *Id.*  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) ].  After undertaking the review required by Rule 4, this Court concludes that Moreno is not entitled to relief.

### PROCEDURAL HISTORY

On November 3, 2009, Moreno pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine (Count One) in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii); and possession with intent to distribute 500 grams or more of cocaine (Count Two) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).  On March 10, 2010, Moreno was sentenced to 42 months in prison, 4 years of supervised release, and a $200 special assessment.  On

March 16, 2010, Moreno filed a pro se notice of appeal. On August 20, 2010, the Sixth Circuit dismissed his appeal for want of prosecution. Moreno timely filed this motion pursuant to 28 U.S.C. § 2255, claiming that his counsel was ineffective for failing to move this Court for a downward departure under the "minor role" adjustment. (Dkt. #1 at 4.) Moreno claims that this prejudiced him because he could have obtained a reduced sentence, as opposed to the 42 month sentence that he is now serving. (*Id.*) He also adds that he did not raise this issue on appeal due to ineffective assistance of counsel. (*Id.*) This is the entirety of Moreno's argument. The Government has not filed a response.

## DISCUSSION

To obtain relief under § 2255, a petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The petitioner must prove the existence of an error of constitutional magnitude that had "a substantial and injurious effect" on the outcome of the case. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

A § 2255 motion is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593 (1982). Issues not raised on direct appeal are procedurally defaulted under § 2255 unless the petitioner can show good cause for failing to raise them on appeal and actual prejudice from such failure, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). The procedural default rule does not apply, however, with regard to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel are generally not reviewable on direct

2

appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In order to show ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was not within the range of reasonable professional assistance, and (2) that he suffered actual prejudice as a result of this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In order to show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. At 2068. The Supreme Court has stated that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697, 104 S.Ct. At 2069; *see also Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

In evaluating an ineffective assistance of counsel claim, federal courts "strongly presume" counsel to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Short v. United States*, 471 F.3d 686, 692 (6th Cir. 2006). Defendants alleging ineffective assistance of counsel bear a "heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

Under § 3B1.2, a defendant's offense level should be decreased by two levels if "the defendant was a minor participant in any criminal activity." U.S.S.G. Manual § 3B1.2. A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. Manual § 3B1.2 cmt. n. 5. The minor role adjustment is

3

a "heavily" fact-based determination and the district court, "in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." U.S.S.G. Manual § 3B1.2 cmt. n. 3 (C); *see also United States v. Bartholomew*, 310 F.3d 912, 924 (6th Cir. 2002).

In *Bartholomew*, defendant Harris and two co-defendants were convicted by a jury for conspiracy to distribute marijuana. *Id.* at 916. Harris was also convicted of possession with intent to distribute marijuana. *Id.* The Sixth Circuit affirmed the district court's denial of a minor role reduction pursuant to § 3B1.2 because Harris "was a fully integrated member of a substantial drug conspiracy that used his residence as a base of operations" and personally participated in drug transactions. *Id.* at 924-25; *see also United States v. Kollar*, 336 Fed. App'x 497, 502 (6th Cir. 2009) (defendant was not entitled to a minor role because "even though [he] may [have been] less culpable than [his co-defendant], his role was indispensable because he aided in the cutting and repackaging of the cocaine as well as arranging and carrying out drug deals"), *cert. denied*, --- U.S ----, 130 S.Ct. 643, 175 L.Ed.2d 493 (2009).

Here, Moreno personally drove a car to transport 977 grams of cocaine from Grand Rapids, Michigan to Lansing, Michigan. (Presentence Investigation Report (PSR) at ¶ 12.) He took full responsibility for the cocaine and knew it was illegal to transport the drugs. (PSR at ¶ 21.) Mr. Moreno's residence was also the base of operations. (PSR at ¶ 13, 17, 21.) Mr. Moreno stored over 750 grams of cocaine in a safe in his bedroom. (PSR at ¶ 13, 21.) All defendants of the conspiracy assisted in various capacities with regards to trafficking the drugs and transporting the proceeds, and therefore each was equally culpable. (PSR at ¶ 17.)

Moreno cannot rebut the strong presumption that his attorney provided him objectively reasonable representation. Given the existing precedent in this circuit, along with Moreno's level of participation in the crime, a reasonable attorney would probably find an argument for a downward

4

departure based upon a "minor role" to be frivolous. Besides a conclusory statement that he is entitled to such, Mr. Moreno has not provided any additional facts that could establish he is entitled to a minor role adjustment. Therefore, Moreno cannot establish that his counsel's conduct fell within the first prong of *Strickland*.

Second, Moreno cannot show that he was prejudiced by his counsel's failure to argue for a "minor role" adjustment. Given Moreno's participation, the existing case law, and the fact that granting such an adjustment is a heavily fact-based determination for the district court, Moreno has not shown that this Court would have granted a "minor role" adjustment. Indeed, since Moreno's house appeared to be the base of operations, he personally drove a large shipment of drugs, and stored drugs in a safe in his house, granting such a departure would have been contrary to this Circuit's precedent. Moreno has not established either prong of the *Strickland* standard.

Moreno's petition is denied.

## NO CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Moreno has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This Court's dismissal of Moreno's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the §2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of*

5

*the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Moreno's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Moreno's claim was debatable or wrong. Therefore, the Court will deny Moreno a certificate of appealability.

For these reasons, Moreno's § 2255 Motion (Dkt. #1) is DENIED. In addition, a certificate of appealability is DENIED as to the issue raised by Moreno because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order and judgment will enter.


Dated: October 19, 2011                                   /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE